IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ERIC EUGENE ROBINSON,**

    Movant,

v.                                      Case No. 5:16-cv-05680
                                         Criminal Case No. 5:07-cr-00065

**UNITED STATES OF AMERICA,**

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Eric Eugene Robinson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 77), and Respondent's motion and amended motion to hold the deadline to file a response to the § 2255 motion in abeyance, (ECF Nos. 85, 86). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **DENIES**, as moot, Respondent's motions to hold the response deadline in abeyance and further **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that the § 2255 motion be **DENIED** and this matter be **DISMISSED** from the docket of the Court.

1

## I. Discussion

In December 2007, Movant was convicted of possession with intent to distribute cocaine base in violation of federal law. *U.S. v. Robinson*, No. 5:07-cr-00065, (ECF No. 55). The Court applied a career offender sentence enhancement under §4B1.1 of the United States Sentencing Guidelines ("the Guidelines") on the basis that Movant was previously convicted of at least two "crimes of violence," including first degree robbery, armed criminal action, and second degree assault. Under the relevant Guidelines, a defendant convicted of a controlled substance or "crime of violence" offense could receive an increased sentence as a career offender if he had two prior felony convictions for controlled substances or a crime of violence. U.S.S.G. § 4B1.1. A "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* at § 4B1.2(a) (emphasis added). The italicized portion of the above-quoted definition is known as a residual clause.

Movant filed a direct appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which issued a mandate affirming his conviction and sentence on July 6, 2009. *Robinson,* No. 5:07-cr-00065, (ECF No. 74). Seven years later, on June 23, 2016, Movant filed the instant motion under § 2255, arguing that he is "no longer a career offender" because his predicate convictions no longer qualify as

crimes of violence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 77 at 1). In *Johnson*, the Supreme Court of the United States ("Supreme Court") considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. As defined in the ACCA, the term "violent felony" included any crime punishable by imprisonment for a term exceeding one year that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the catchall definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

In this case, Movant does not argue that he was sentenced as a career offender under the residual clause in the ACCA. Rather, Movant contends that the holding in *Johnson* extends to his case because he was sentenced under the identically-worded residual clause in the Guidelines. (ECF No. 77 at 2). Acknowledging the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations on § 2255 motions, Movant asserts that his § 2255 petition—although filed more than 6 years after his judgment of conviction became final—is timely because it was filed "within one year of the Supreme Court's decision in *Johnson* – a ruling which established a 'newly recognized right' that is 'retroactively applicable to cases on

collateral view.'" (ECF No. 77 at 3); (referencing 28 U.S.C. § 2255(f)(3)).[1]

Respondent sought to stay this matter pending resolution of the case *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court was asked to examine the constitutionality of the career offender residual clause in the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. (ECF No. 84). Respondent also asked the undersigned to hold the deadline to file its response to Movant's § 2255 motion in abeyance until the District Court ruled on the motion to stay. (ECF Nos. 85, 86). The District Court declined to issue a stay and the undersigned ordered Respondent to respond to the § 2255 motion. (ECF Nos. 88, 89). Respondent filed a response brief to which Movant filed a reply. (ECF Nos. 88, 90, 91). Therefore, Respondent's motions to hold the response deadline in abeyance are moot.

Subsequent to the above filings, the Supreme Court issued its decision in *Beckles*, finding that the residual clause in the Guidelines was not unconstitutionally vague. *Beckles*, 137 S. Ct. at 892. The Court explained that "[u]nlike the ACCA ... the advisory Guidelines do not fix the permissible range of sentences." *Id.* Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* As such, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.*

---

[1] Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In light of the Supreme Court's decision in *Beckles*, Movant does not show that his motion is timely under 28 U.S.C. § 2255(f). Movant relied on *Johnson* to establish a "newly recognized right" that allowed him to file this § 2255 motion well after his judgment of conviction became final. However, the *Beckles* decision established that *Johnson* does not extend to defendants sentenced under the residual clause in the advisory Guidelines. Therefore, the undersigned **FINDS** that Movant's motion is untimely and must be dismissed.

## II. Proposal and Recommendations

The undersigned **DENIES** Respondent's motions to hold the response deadline in abeyance. (ECF Nos. 85, 86). The undersigned further respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 77), be **DENIED** as untimely and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if PF&R is received by mail) from the date of filing this PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written

objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Chief Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** December 6, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge